UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER ORDER**

May 21, 2025

**To:** Mr. Barry Wilson
203 Regency Road
Edgewater Park, New Jersey 08010

**Re:** **United States v. Wilson**
**Criminal Action No. 94-mj-8011 (JSA)**

Dear Mr. Wilson:

  The Court is in receipt of your letter dated December 22, 2024, wherein you request the expungement of the record of your criminal conviction for forgery entered in 1998, in the closed criminal docket captioned above. (ECF No. 26).

  According to your application, you have completed your probation; have, in the years since your conviction, been a model, law abiding-citizen; have been a positive member of your church and community; and hope that having your criminal record expunged will allow you "to fully move forward past [your] bad decisions made in [your] youth." (*Id.*) The Court does not question your sincerity or the equitable considerations that you have identified. However, for the reasons set forth below, this Court lacks jurisdiction to consider your application.

  The Third Circuit Court of Appeals has held that a district court does "not have the jurisdiction to expunge a criminal record" based only on equitable grounds. *United States v. Dunegan*, 251 F.3d 477, 479–80 (3d Cir. 2001). Expungement may only be granted in very narrow circumstances, such as when a person was unconstitutionally arrested or convicted. *See United States v. Rowlands*, 451 F.3d 173, 177 (3d Cir. 2006); *Dunegan*, 251 F.3d at 479–80. "In the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record . . . ." *Dunegan*, 251 F.2d at 480; *see also United States v. Schwartz*, 668 Fed. Appx. 417, 418 (3d Cir. 2016).

  Here, your application for expungement is premised solely on equitable grounds rather than any of the narrow exceptions identified above. Thus, this Court does not have jurisdiction to entertain your application. *See United States v. Boniella,* 297 Fed. Appx. 161, 161 (3d Cir. 2008)

(noting that neither the Third Circuit "nor the District Court has jurisdiction to . . . expunge a conviction where there is no challenge to the validity of the conviction or arrest.").

For the foregoing reasons, the application for expungement of your criminal record of conviction is **DENIED**.

The Clerk of the Court is directed to terminate ECF No. 26 and serve a copy of this Letter Order on Mr. Wilson by regular U.S. mail.

**SO ORDERED**.

                                                   **s/Jessica S. Allen**
                                                   **Hon. Jessica S. Allen**
                                                   **United States Magistrate Judge**